IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

BRANDON DEVONTAE KEMP, :
 :
  Plaintiff, :
 :
v. : Case No. 5:25-cv-59-CAR-AGH
 :
WARDEN ANDREW MCFARLEN, :
*et al.*, :
 :
  Defendants. :
 :

## ORDER

In accordance with the January 5, 2026 Order granting Plaintiff's motion for reconsideration, Plaintiff's Complaint (ECF No. 1) and his motion to proceed *in forma pauperis* ("IFP") (ECF No. 2) are now pending review.  Plaintiff has also filed a motion for appointed counsel (ECF No. 13).  For the following reasons, Plaintiff's motion to proceed IFP is **GRANTED**, and his claims against Defendants Kemp, Oliver, Andrews, and Sales are **DISMISSED without prejudice.**  It is **ORDERED** that Plaintiff's remaining claims and his pending motion to appoint counsel be transferred to the Southern District of Georgia.

### MOTION TO PROCEED IFP

Plaintiff first seeks leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  Plaintiff's submissions demonstrate that he is presently unable to pay the cost of commencing this action.  He may therefore proceed without prepayment of the filing fee.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If the prisoner has sufficient assets, he must pay the filing fee in a lump sum. If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). In the event the prisoner has no assets, payment of the partial filing fee prior to filing will be waived.

Plaintiff's submissions indicate that he is unable to pay the initial partial filing fee. Accordingly, it is **ORDERED** that his complaint be filed and that he be allowed to proceed without paying an initial partial filing fee.

## I.      Directions to Plaintiff's Custodian

Hereafter, Plaintiff will be required to make monthly payments of 20% of the deposits made to his prisoner account during the preceding month toward the full filing fee. The Clerk of Court is **DIRECTED** to send a copy of this Order to Plaintiff's current place of incarceration. It is **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court

each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

## II.    Plaintiff's Obligations on Release from Custody

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

## PRELIMINARY SCREENING OF PLAINTIFF'S COMPLAINT

## I.    Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). Courts must also screen complaints filed by a plaintiff proceeding IFP. 28 U.S.C. § 1915(e). Both statutes apply in this case, and the standard of review is the same. "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258

3

(11th Cir. 2020) (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e).

A claim is frivolous if it "lacks an arguable basis either in law or in fact."  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted).  On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless."  *Id*. (citations omitted).  A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process.  *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]"  *Twombly*, 550 U.S. at 555 (citations omitted).  In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim.  *Id*. at 556.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See, e.g.*, *Bingham v. Thomas*, 654 F.3d 1171, 1176-77 (11th Cir. 2011) (affirming dismissal of certain claims at preliminary screening because prisoner failed to allege sufficient facts to show a violation of his rights), *abrogated on other grounds by Wade v. McDade*, 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc).

## II.    Factual Allegations and Plaintiff's Claims

Plaintiff's claims arise from his treatment at the Telfair State Prison ("TSP"), where he was housed between 2022 and 2024. *See* ECF No. 1 at 4.[1]  According to the Complaint, Plaintiff suffers from type 1 diabetes for which he did not receive a proper diet or adequate medical care while he was housed at TSP. *Id.*  First, medical professionals at TSP recognized that Plaintiff needed more care than they could provide him at TSP and recommended transferring him to a different prison. *See, e.g.,* ECF No. 1 at 5.  More specifically, nurses advised Plaintiff that they could only give him two daily insulin injections at TSP instead of the three he typically required, and a prison doctor

---

[1] Plaintiff also states that "the incident [he is] complaining about occur[red]" at Macon State Prison, but he does not appear to describe any particular conduct that occurred at Macon State Prison.  ECF No. 1 at 5.

recommended transferring Plaintiff "to a 24 hour medical facility." *Id.* In addition, Plaintiff experienced a hypoglycemic episode less than 24 hours after his arrival to TSP because the prison does not serve lunch to inmates on Friday, Saturday, or Sunday afternoons. *Id.* Plaintiff contends he was not promptly transferred and that "Administration" ignored or rejected his grievances about his diet and medical care. *See id.* As a result, Plaintiff suffered repeated "low blood sugar episodes" where he would "go into . . . a comatose state." ECF No. 1-1 at 16.

Several of the Defendants in this case are TSP officials: Warden Andrew McFarlen, Deputy Warden of Care and Treatment Tonja Kieth, and Assistant Warden Veronica Stewart. ECF No. 1 at 4. Plaintiff also names Georgia Governor Brian Kemp and Georgia Department of Corrections Commissioner Tyrone Oliver as Defendants in this case. *Id.* In addition, Plaintiff appears to name Jaiye Andrews and Timothy Sales as Defendants. *Id.* at 1. It appears likely that Defendant Sales was the Warden at Macon State Prison, where Plaintiff was transferred after the events described in the Complaint. *See id.* at 4; *see also* https://gdc.georgia.gov/press-releases/2023-06-08/new-warden-macon-state-prison [https://perma.cc/3TGC-NNMA] (last visited Feb. 2, 2026). It is unclear where Defendant Andrews was employed.

As an initial matter, Plaintiff does not mention either Defendant Andrews or Defendant Sales in the body of his Complaint at all. It is therefore not clear how either of these Defendants are associated with the constitutional violations described in the Complaint. As such, these claims must be dismissed without prejudice. *Douglas v. Yates*, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (dismissal of defendants appropriate where

6

plaintiff failed to allege facts associating defendants with a particular constitutional violation).

Plaintiff's claims against Defendants Kemp and Oliver must also be dismissed without prejudice.  Even if the Court assumes, without deciding, that Plaintiff can state a constitutional claim concerning his medical treatment, Plaintiff has not alleged facts sufficient to show that either Defendant Kemp or Defendant Oliver should be liable for such a violation.[2]  It is well-settled in the Eleventh Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.  *See, e.g., Christmas v. Nabors*, 76 F.4th 1320, 1330 (11th Cir. 2023); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).  Rather, supervisors can only be held liable under § 1983 if they personally participated in unconstitutional conduct or if there is a causal connection between their actions and the alleged constitutional violation.  *See, e.g., Hendrix v. Tucker*, 535 F. App'x 803, 805 (11th Cir. 2013) (per curiam).  A causal connection can be established if

> (1) a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so; (2) the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

---

[2] There can be no supervisory claims against either of these Defendants if some subordinate did not violate one of Plaintiff's constitutional rights.  *See, e.g., Myers v. Bowman*, 713 F.3d 1319, 1328 (11th Cir. 2013) (holding that "a supervisor may not be held liable under section 1983 unless the supervised official committed an underlying violation of a constitutional right").

*Id.* "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Id.* (internal quotation marks omitted).

In this case, Plaintiff does not allege facts that could show a history of widespread abuse, an improper custom or policy, or that Defendants Oliver and Kemp knew their subordinates would violate Plaintiff's constitutional rights and failed to stop them. At most, Plaintiff alleges that these two Defendants "either denied or were non-responsive" to his grievances "or partially granted" them. ECF No. 1 at 4. It appears Plaintiff is basing this allegation on the fact that Defendants Kemp and Oliver are listed on the letterhead of "Central Office Appeal Response" forms completed by an individual identified as "JM" from the Georgia Department of Corrections Office of Professional Standards in Forsyth, Georgia, responded to appeals of Plaintiff's grievances. ECF No. 1-1 at 4, 6. In the first appeal, Plaintiff complained that Plaintiff had "written several grievances with no response." *Id.* at 6. "JM" denied this appeal on October 10, 2023. *Id.* The second appeal was related to Plaintiff's grievance that he had "not been given a bottom bunk" or his "prescribed a.m. snack" pursuant to his medical profiles. *Id.* at 4. "JM" partially granted this appeal on October 18, 2023. *Id.*

Defendants Kemp and Oliver are merely listed on the letterheads of these appeal responses; there is no suggestion that either Defendant ever received Plaintiff's grievances, personally participated in any decision to grant or deny any grievance, or otherwise knew of Plaintiff's condition. *Cf. Johnson v. Lewis*, 83 F.4th 1319, 1329 (11th Cir. 2023) (holding that "a jury could reasonably infer that [prison official] had knowledge of the contents of" an inmate's grievance form where prison official's own signature appeared on

form).  As such, Plaintiff has failed to state a claim against either Defendant Kemp or Defendant Oliver, and the claims against these Defendants should be dismissed without prejudice.

After dismissing Defendants Sales, Andrews, Kemp, and Oliver, venue is no longer be proper in this district:  Plaintiff's claims involve events occurring in Telfair County in the Southern District of Georgia, each of the remaining individuals named as Defendants appear to reside there, and the Court cannot discern any other basis for venue in this district. *See* 28 U.S.C. § 1391(b).  Plaintiff's remaining claims should thus be transferred to the Southern District of Georgia.  *See* 28 U.S.C. § 1406(a) (authorizing district court to "dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought"); *see also Brownsberger v. Nextera Energy, Inc.*, 436 F. App'x 953, 953 (11th Cir. 2011) (affirming district court's dismissal of claims against remaining defendants under § 1406(a) after dismissing one defendant for lack of personal jurisdiction).[3]

---

[3] There is a chance that the applicable statute of limitations has run or is about to run on at least some of Plaintiff's claims.  "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)).  The two-year statute of limitations on any § 1983 claims arising from Plaintiff's treatment at Macon State Prison, does not appear to have run, but Plaintiff would need to act promptly to file any such claims if he wishes to pursue them.  ECF No. 1 at 4 (indicating that Plaintiff was housed in Macon State Prison from March 16, 2024 through December 16, 2024).  Plaintiff may also move to amend his Complaint in the Southern District if he believes he has actionable claims against Defendants Kemp, Oliver, Andrews, or Sales based on his incarceration in TSP.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and his claims against Sales, Andrews, Kemp, and Oliver are **DISMISSED without prejudice**.  The Clerk of Court is **ORDERED** to transfer this action and Plaintiff's pending motion for appointed counsel (ECF No. 13) to the Dublin Division of the United States District Court for the Southern District of Georgia.  *See* 28 U.S.C. § 1406(a); 28 U.S.C. § 90(c)(2).

**SO ORDERED**, this 9th day of February, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT