IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| BRANDON DEVONTAE KEMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 326-006 |
| | ) | |
| ANDREW MCFARLEN, Warden; TONJA | ) | |
| KIETH, Warden of Care and Treatment; | ) | |
| VERONICA STEWART, Assistant Warden, | ) | |
| | ) | |
| Defendants. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, currently detained at Valdosta State Prison, filed this case pursuant to 42 U.S.C. § 1983 concerning events alleged to have occurred at Telfair State Prison. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I.    SCREENING THE COMPLAINT

### A.    BACKGROUND

Prior to transfer, United States District Court Judge C. Ashley Royal in the Middle District of Georgia dismissed Defendants Jay Andrews, Timothy Sales, Brian P. Kemp, Governor of Georgia, and Tyrone Oliver, Commission of the Georgia Department of Corrections. (Doc. no. 15.) Against the remaining defendants, Plaintiff alleges he is a "brittle

diabetic" who needed more care and nutrition than is provided at Telfair State Prison.  (Doc. no. 1, p. 5).  Upon his arrival in approximately June 2023, nurses on staff at Telfair State Prison remarked he should not have been transferred there because he needed insulin three times per day and blood sugar readings four times per day, which Telfair State Prison as an institution does not provide.  (Id.)  Accordingly, within two to three months of transferring there, a physician recommended Plaintiff's transfer to a "24 hour medical facility."  (Id.)  Eventually, the transfer request was granted and Plaintiff transferred out of Telfair State Prison in March 2024, approximately nine months after his arrival.  (Id.)  During his entire stay at Telfair State Prison, Plaintiff does not allege suffering any injury related to his diabetes except for hypoglycemia caused by the prison not serving lunches on Fridays, Saturdays, and Sundays. (Id.)  He does not, however, allege the frequency or severity of these episodes.

Plaintiff makes no allegations concerning Defendant Wardens Kieth and Stewart.  He alleges Warden McFarlen denied a grievance on October 25, 2023.  Plaintiff does not attach his grievance but he does attach the denial by Warden McFarlen, which provides as follows:

> Per medical staff a transfer request for 24 hour facility was put in per Dr. Cheney due to hypoglycemia episodes with brittle diabetes.  You have been compliant with insulin.  On 9/27/2023, a p.m. snack was added to your meal profile.  You have been scheduled for a CIC follow-up for 11/27/2023.  At this time you have received the proper medical attention.  This grievance is denied.

(Id. at 9.)

## B.     DISCUSSION

### 1.     Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous

2

if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

3

### 2. Plaintiff Fails to State a Claim Against All Three Defendant Wardens McFarlen, Kieth, and Stewart

Plaintiff never mentions Defendant Wardens Kieth and Stewart in his complaint allegations, and this alone is a sufficient basis for their dismissal from this lawsuit. (See doc. no. 1.)  The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation.  Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").

The sole allegation against Defendant Warden McFarlen is that he denied a grievance filed by Plaintiff concerning his diabetic condition and treatment.  As the grievance denial attached to the complaint explains, Warden McFarlen investigated and determined Plaintiff was receiving proper medical attention including (1) Dr. Cheney submitting a request for Plaintiff to be transferred to a twenty-four hour facility that could provide a higher level of care; (2) regular doses of insulin; (3) regular meals, including the recent addition of an afternoon snack to supplement his meals and morning snack; and (4) the scheduling of a follow-up medical appointment for continuation of care. (Doc. no. 1-1, p. 15.)  These allegations fail to state a claim for two reasons.

First, the mere denial of a prison grievance does not give rise to liability.  Under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure."  Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011) (*per curiam*).  Thus, any claim a Defendant mishandled Plaintiff's grievance or improperly

denied a grievance fails to state a claim upon which relief may be granted.  See id. at 1177-78; Allen v. St. John, 827 F. App'x 1002, 1006 (11th Cir. 2020) (*per curiam*) ("[A] prisoner does not have a constitutionally protected liberty interest in a prison's grievance procedure."); see also Geiger v. Jowers, 404 F.3d 371, 373-74 (5th Cir. 2005) (*per curiam*) (explaining prisoner "does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction"); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . .  A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate.").  Therefore, Plaintiff fails to state a claim against Defendant McFarlan based on the denial of his grievance.

Second, the allegations fail to state a claim for medical deliberate indifference.  To state such a claim, Plaintiff must allege that:  (1) he had a serious medical need –the objective component, (2) a defendant acted with deliberate indifference to that need – the subjective component, and (3) his injury was caused by a defendant's wrongful conduct.  Goebert v. Lee Cnty., 510 F.3d 1312, 1326 (11th Cir. 2007).  Far from showing deliberate indifference, the grievance response attached to the complaint shows Warden McFarlen took Plaintiff's allegations seriously and determined not only that Plaintiff was receiving adequate diabetic treatment, but also that afternoon snacks were being added to his diet and a transfer request to a better medical facility was pending.

To the extent Plaintiff names Defendant Wardens McFarlen, Kieth, and Stewart as defendants because of their supervisory positions, he fails to state a claim against them.  "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."  Hartley v. Parnell,

5

193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013) (*per curiam*).  Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*.  See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted).  Therefore, to hold these Defendants liable, Plaintiff must demonstrate they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation.  See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).  Because Plaintiff does not allege these defendants participated in any alleged violations, there must be a causal connection between them and the asserted constitutional violations in order to hold them liable.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).

The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'"  Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)).  The standard for demonstrating "widespread abuse" is high.  In the Eleventh Circuit, "deprivations that

6

constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." <u>Brown</u>, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." <u>Cottone v. Jenne</u>, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff's allegations do not provide the causal connection. Plaintiff has not alleged (1) a history of widespread abuse regarding improper treatment at the prison, (2) an improper custom or policy put in place by these defendants regarding medical treatment of diabetics, or (3) an inference these defendants directed prison employees to act, or knew they would act, unlawfully.

## II.      CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of March, 2026, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

7